# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| SUALEH KAMAL ASHRAF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:17-cv-2839-SHM-dkv |
| v. ) | |
| ) | |
| ADVENTIST HEALTH SYSTEM/SUN- ) | |
| BELT, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant Adventist Health System/Sunbelt, Inc.'s Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 60 (the "Motion"), filed on July 19, 2018. (ECF No. 29.) Defendant seeks reconsideration of the Court's July 5, 2018 Order. (Id.) Plaintiff filed a response on August 2, 2018. (ECF No. 31.)

For the following reasons, the Motion is DENIED.

### I. Background

This order contains an abbreviated background. A complete background can be found in the Court's July 5, 2018 Order. (ECF No. 28.)

On May 14, 2018, Chief United States Magistrate Judge Diane K. Vescovo entered a Report and Recommendation (the "Report").

(ECF No. 20.)  It recommended granting Defendant's Motion to Dismiss.  (Id. at 80.)  The Report explained that:

> Based on the Tennessee Supreme Court's policy principles enunciated in Sullivan and Clark and post-Swafford decisions from other jurisdictions involving defamation claims arising from compelled adverse action reports to the NPDB, it is the conclusion of this court that the Tennessee Supreme Court would not apply the multiple publication rule as set forth in the unpublished court of appeals decision in Swafford but would instead apply the single publication rule in this case. . . .  Accordingly, under the single-publication rule, Dr. Ashraf's defamation claim accrued when Adventist Health reported the denial of Dr. Ashraf's clinical privileges to the NPDB on December 17, 2008.  Therefore, Dr. Ashraf's claim is barred by Tennessee's one-year statute of limitations.

(Id. at 97-98 (citations omitted).)

On May 31, 2018, Plaintiff filed an objection to the Report. (ECF No. 21.)  Defendant did not object, but responded to Plaintiff's objection on June 14, 2018.  (ECF No. 24.)

On July 5, 2018, the Court declined to adopt the Report. (ECF No. 28.)  The Court concluded that:

> Although relying on Swafford is problematical, it is the only judicial expression of Tennessee law that is directly on point.  The Court is not permitted to substitute its own policy preferences or subjective view of Tennessee law. The test is how the Tennessee Supreme Court would rule looking at all of the relevant data. Relevant data include the decisions of Tennessee appellate courts. This Court should not disregard those decisions without persuasive, countervailing data demonstrating that the Tennessee Supreme Court would decide otherwise. There are no such countervailing data in this case.
> The Court is persuaded that the decision in Swafford is the best predictor of how the Tennessee Supreme Court would decide the issue that controls the Motion

2

> to Dismiss. That is, the Tennessee Supreme Court would decide that the republication doctrine applies in the context of information disseminated by the NPDB and that the state of limitations does not bar Plaintiff's defamation claim.

(Id. at 157-58.)

On July 19, 2018, Defendant filed the Motion. (ECF No. 29.)

**II. Standard of Review**

Defendant filed its Motion pursuant to Fed. R. Civ. P. 60. (ECF No. 29.) Because Defendant seeks substantive relief from the Court's July 5, 2018 Order, rather than correction of a clerical mistake under Rule 60(a), the Court construes Defendant's motion as one filed pursuant to Rule 60(b).

"Rule 60(b) is limited by its terms to final judgments." Int'l Surplus Lines Ins. Co. v. Certain Underwriter's & Underwriting Syndicates at Lloyd's of London, 868 F. Supp. 923, 925 (S.D. Ohio 1994) (internal quotations omitted). Because Plaintiff's claims against Defendant remain, a final judgment has not been entered in this case. Rule 60(b) is inapplicable. Mallory v. Eyrich, 922 F.2d 1273, 1277 (6th Cir. 1991) (Rule 60(b) inapplicable when motion seeks reconsideration of anything other than a final judgment).

Although Defendant's motion fails under Rule 60, the Sixth Circuit has held that a motion to reconsider a non-final order may be treated as one to reconsider under Rule 54(b). Rodriguez

3

v. Tenn. Laborers Health & Welfare Fund, 89 F. App'x 949, 959 (6th Cir. 2004) ("District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment.").

Under Federal Rule of Civil Procedure 54(b), a court may revise any order before it issues an entry of judgment adjudicating all of the claims and all of the parties' rights and liabilities. Fed. R. Civ. P. 54(b). "Rule 54(b), however, does not expressly provide for . . . motions by parties and does not prescribe any standards or bases for revisions of prior decisions." Lumpkin v. Farmers Grp., Inc., No. 05-2868 Ma/V, 2007 WL 6996777, at *3 (W.D. Tenn. July 6, 2007) (citation and internal quotation marks omitted).

Courts generally revise interlocutory orders only "whe[re] there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P., 590 F.3d 381, 389 (6th Cir. 2009) (quoting Rodriguez, 89 F. App'x at 959). Motions to revise "may not be used to relitigate old matters." In re Regions Morgan Keegan Secs., Derivative, and ERISA Litig., Nos. 07-2784, MDL 2009, 2010 WL 5464792, at *1 (W.D. Tenn. Dec. 30, 2010) (citation and internal quotation marks omitted). They also may not be used to present evidence that was available before the court's

decision but was not raised. See Am. Marietta Corp. v. Essroc Cement Corp., 59 F. App'x 668, 672 (6th Cir. 2003) (unpublished) ("Motions to reconsider must rely on new evidence and not information readily available during the prior proceedings."); see also Madden v. City of Chattanooga, No. 1:08-CV-160, 2010 WL 670107, at *2 (E.D. Tenn. Feb. 19, 2010) ("A motion to reconsider under Rule 54(b) . . . may not serve as a vehicle to identify facts or raise legal arguments which could have been, but were not, raised or adduced during the pendency of the motion of which reconsideration was sought." (internal quotation marks and citations omitted)).

Courts in this district also rely on Local Rule 7.3(a). "Before the entry of a judgment adjudicating all of the claims . . . in a case, any party may move . . . for the revision of any interlocutory order made by that Court." LR 7.3(a). The moving party must show:

> (1) a material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for revision did not know such fact or law at the time of the interlocutory order; or (2) the occurrence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order.

LR 7.3(b). "Motions to reconsider interlocutory orders are not otherwise permitted." LR 7.3(a).

## III. Analysis

In its Motion for Reconsideration, Defendant does not contend that it has discovered a material difference in fact or law, or that there are new material facts or a change in controlling law. Defendant "seeks reconsideration of this matter asking the Court to reconsider its finding that [Plaintiff]'s claim is not barred by the statute of limitations and, more importantly, requests that this Court consider AHS's <u>additional arguments</u> concerning the doctrine of res judicata <u>not previously addressed</u> by Magistrate Vescovo or this Court." (ECF No. 30 at 164 (emphasis added).) The Court construes this request as an argument to reconsider the Court's July 5, 2018 Order based on a manifest failure by the Court to consider dispositive legal arguments or to prevent manifest injustice.

"'[M]anifest injustice' . . . [is] . . . defined as '[a]n error in the trial court that is direct, obvious, and observable[,]'" <u>Tennessee Protection & Advocacy, Inc. v. Wells</u>, 371 F.3d 342, 348 (6th Cir. 2004), "apparent to the point of being indisputable," <u>Block v. Meharry Med. Coll.</u>, No. 3:15cv-00204, 2017 WL 1364717 * 1 (M.D. Tenn. Apr. 14, 2017)(citation omitted). "[F]or a court to reconsider a decision due to 'manifest injustice,' the record presented must be so patently unfair and tainted that the error is manifestly clear to all who view it." <u>Block</u>, 2017 WL 1364717 * 1 (citation omitted). The Sixth Circuit has advised

that "manifest injustice" is not meant to allow a disappointed litigant to "correct what has -- in hindsight -- turned out to be a poor strategic decision. . . ." Gencorp., Inc. v. Am. Int'l Underwriters, 178 F. 3d 804, 834 (6th Cir. 1999).

Addressing the statute of limitations, Defendant asserts the arguments brought before the Magistrate Judge and addressed by this Court in its July 5, 2018 Order. (Id. at 167-69 ("Based on the Tennessee Supreme Court's holding in the post-Swafford Sullivan opinion, Defendant believes that it is highly likely that the Tennessee Supreme Court would find that the single publication rule, not the multiple publication rule, applies to [Plaintiff]'s claim of defamation against AHS.").) Rearguing a case on the merits or rearguing issues already presented is insufficient grounds for granting a motion to reconsider under Rule 59. Defendant's disagreement with Court's July 5, 2018 Order does not rise to the level of manifest injustice. Defendant's Motion to reconsider the statute of limitations issue is DENIED.

Addressing the doctrine of res judicata, Defendant argues that "both Magistrate Vescovo and this Court failed to consider that the doctrine of res judicata applies in this matter separate and apart from a finding concerning the statute of limitations." (ECF No. 30 at 164-65.)

7

The Court's July 5, 2018 Order addressed Plaintiff's objection to the Report. (ECF No. 28.) The Report found that the single-publication rule applied to Plaintiff's defamation claim and that, because "a new cause of action does not arise in Tennessee every time a health care entity accesses the NPDB report, Dr. Ashraf's defamation claim against Adventist Health is also barred by the doctrine of res judicata because such claim was already adjudicated in Ashraf I." (ECF No. 20 at 99.)

Plaintiff's sole objection was to the application of the single-publication rule to Plaintiff's defamation claim. (ECF No. 21.) Defendant filed no objection. In its response to Plaintiff's objection, Defendant argued that "Magistrate Vescovo . . . correctly found that all the requirements for AHS to sustain a defense of res judicata have been [] satisfied, and, as such, Dr. Ashraf's claims against AHS are barred." (ECF No. 24 at 125.)

The district court is not required to review -- under a de novo or any other standard -- those aspects of the report and recommendation to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Thus, the Court addressed only the Magistrate Judge's statute of limitations decision. (ECF No. 28 at 147.) Because the Court declined to adopt the Magistrate Judge's legal conclusion that the single-publication rule applied, it necessarily declined to adopt the Magistrate Judge's

res judicata conclusion, which relied on application of the single-publication rule. (See id.) The Court denied Defendant's Motion to Dismiss (ECF No. 6). (Id. at 158.)

Defendant now seeks to correct the Magistrate Judge's Report through a motion for reconsideration because she "failed to consider that the doctrine of res judicata applies in this matter separate and apart from a finding concerning the statute of limitations." (ECF No. 30 at 164-65.) Defendant missed the deadline to object to the Report. Because Defendant's argument was not before the Court on its review of the Report, Defendant has failed to establish a manifest failure by the Court to consider dispositive legal arguments presented to the Court before the July 5, 2018 Order. Rule 54 is not a ground for relief. Defendant's Motion to reconsider the res judicata issue is DENIED.

## IV. Conclusion

For the foregoing reasons, the Motion for Reconsideration is DENIED. To the extent Defendant argues that Plaintiff's claims are barred by the doctrine of res judicata, separate and apart from a finding about the statute of limitations, Defendant must bring a motion to dismiss specifically addressing that issue.

So ordered this 17th day of September, 2018.

                                         */s/ Samuel H. Mays, Jr.*
                                         SAMUEL H. MAYS, JR.
                                         UNITED STATES DISTRICT COURT JUDGE